ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| RICARDO R. HATTON RENTAS<br><br>Parte Apelante<br><br><br>v.<br><br><br>BLANCA L. SÁEZ ORTIZ, FISCAL GINNY M. ANDREU ROSARIO<br><br>Parte Apelada | TA2025AP00674 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: GB2023CV00049<br><br>Sala: 701<br><br>Sobre: Persecución Maliciosa y Difamación |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico a 27 de enero de 2026.

Comparece el señor Ricardo R. Hatton ("Lcdo. Hatton" o "Apelante") y solicita que revoquemos la Sentencia Parcial emitida el 14 de noviembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro de instancia" o "foro apelado"). En esa ocasión, el foro de instancia desestimó con perjuicio la causa de acción sobre persecución maliciosa presentada contra la señora Blanca Sáez Ortíz ("Sra. Sáez" o "Apelada").

Por los fundamentos que exponemos a continuación, se **confirma** el dictamen apelado.

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron los correspondientes recursos anteriores (KLCE202300194, KLCE202300627, KLCE202301007, KLCE202400359, KLCE202400518 y KLCE202400623).

-I-

A continuación, detallamos los hechos pertinentes a la controversia de epígrafe.

El 25 de enero de 2023, el Lcdo. Hatton presentó una *Demanda*[2] por persecución maliciosa y difamación contra el señor Diego Raue, la señora Jennice Duran Rosado y la aquí apelada. Posteriormente, el 3 de agosto de 2023, el Apelante presentó una *Demanda Enmendada*[3] para incluir otros demandados, entre ellos, la Lcda. Malú Muñiz Nieves y la Fiscal Ginny M. Andreu Rosario. En esa ocasión, señaló haber sufrido difamación por parte de la Sra. Sáez luego de esta haber presentado una acción criminal sobre violencia doméstica y una acción civil sobre custodia compartida de mascotas. Respecto a la Lcda. Muñiz arguyó que el 3 de febrero de 2023, el Apelante le envió un correo electrónico, por ser esta la representante legal de la Apelada, sobre el emplazamiento de esta última y el conflicto de intereses en la representación legal del caso. Además, alegó que, tanto la Lcda. Muñiz como la Sra. Sáez acudieron a la policía y ofrecieron a la Agente Daisy Silva falso testimonio sobre el mencionado correo electrónico, con el propósito de presentar cargos criminales contra el Apelante y así continuar utilizando los mecanismos judiciales de manera temeraria y maliciosa[4]. Además, argumentó que la Lcda. Muñiz filtró al programa "La Comay" el correo electrónico con el propósito de que fuera divulgado y continuar promoviendo la agenda de publicaciones humillantes en contra del Apelante.

---

[2] Véase Entrada #1 del expediente de Primera Instancia en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Véase Entrada #106 del expediente de Primera Instancia en SUMAC.
[4] *Íd.*

Manifestó que la comunicación fue publicada por el programa "La Comay" el 10 de febrero de 2023 con expresiones humillantes en su contra.

Por otra parte, el Apelante alegó que la fiscal Andreu admitió que el caso "*no tenía los méritos pero que Blanca era amigo [sic] de una fiscal de arriba y estaba fuera de sus manos*"[5]. Además, indicó que la fiscal Andreu realizó varias entrevistas en el programa "La Comay" indicando tener evidencia contundente sobre un perfil falso manejado por un alter ego del Apelante incluyendo *subpoenas* para las empresas Facebook y Liberty. Según las alegaciones de la Demanda enmendada, ante tales hechos se llevó a cabo una vista preliminar y, posteriormente, una vista preliminar en alzada. El Apelante argumentó que no se pudo presentar prueba suficiente en su contra por lo que, tanto en la vista preliminar, como en la vista preliminar en alzada, se encontró "No Causa" contra el delito imputado en su contra[6].

Por su parte, señaló que el 26 de enero de 2023 la fiscal Andreu realizó una entrevista en el programa "La Comay" en la que brindó detalles de una querella al amparo de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada también conocida como *Ley para la Prevención e Intervención con la Violencia Doméstica*[7] realizadas por el Apelante en contra de la Apelada en abierto incumplimiento con los protocolos de confidencialidad y con el fin de promover la publicación de información humillante hacia el Lcdo. Hatton. Además, aduce que la fiscal Andreu tuvo la intención de humillarlo y

---

[5] *Íd.*, pág. 5.
[6] *Íd.*, pág. 3 y 8.
[7] 8 LPRA § et seq.

desacreditarlo promoviendo un procedimiento criminal en su contra mediante la presentación de un testimonio mendaz y la fabricación de evidencia que nunca fue autenticada. Añadió que la fiscal Andreu participó en un esquema para despojarlo de $250,000.00. En consecuencia, alega que sufrió angustias mentales, las cuales estima en la cantidad de $500,000.00.

Luego de múltiples trámites procesales, el 15 de noviembre de 2024, el foro de instancia emitió una Sentencia parcial desestimando por falta de parte indispensable todas las acciones sobre difamación con excepción de la presentada contra la fiscal Andreu. Ahora bien, el foro apelado mantuvo las acciones sobre persecución maliciosa. Así las cosas, el 10 de octubre de 2025, la Apelada presentó su *Solicitud de Sentencia Sumaria Parcial y Desestimación*[8]. En esa ocasión, la Apelada señaló que, de la Demanda, no surge una reclamación que justifique la concesión de un remedio por la causal de persecución maliciosa. Asimismo, alegó que la política pública en Puerto Rico no permite, salvo contadas excepciones, que se presenten acciones de daños y perjuicios en contra de quien presente acusaciones ya que desalentaría a las víctimas de crímenes acudir a los tribunales. Además, indicó que, con relación a los casos civiles, ambos fueron resueltos a favor de la Apelada con imposición de temeridad al Apelante. Finalmente, alegó que el Lcdo. Hatton no tiene prueba que demuestre el requisito de malicia por parte de la Apelada al presentar los casos y tampoco ha demostrado que se presentaron de manera infundada, con el único propósito

---

[8] Véase Entrada #612 del expediente de Primera Instancia en SUMAC.

de hacerle daño. Por todo lo anterior, solicitó la desestimación del pleito en su contra.

Posteriormente, el Apelante presentó su *Oposición Solicitud de Sentencia Sumaria y Solicitud de Sentencia Sumaria*[9]. En esa ocasión, el Lcdo. Hatton alegó que la Sra. Sáez junto con la Fiscal Andreu participaron en un esquema de persecución maliciosa. Además, señaló que la Apelada prestó un testimonio que estuvo "*plagado de falsedades*"[10] con el fin de incriminar al Apelante.

El 14 de noviembre de 2025, el foro de instancia emitió una *Sentencia Parcial*[11] desestimando con perjuicio la causa de acción sobre persecución maliciosa contra la Sra. Sáez. Inconforme con dicha determinación, el 15 de diciembre de 2025, el Lcdo. Hatton presentó una *Apelación* ante este Tribunal e hizo los siguientes señalamientos de error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA CAUSA DE ACCIÓN POR PERSECUCIÓN MALICIOSA EN ABIERTA CONTRAVENCIÓN CON SU PROPIA RESOLUCIÓN FINAL Y FIRME DEL 22 DE FEBRERO DE 2024, VIOLANDO LA DOCTRINA DE LA LEY DEL CASO.**
>
> **ERRÓ EL TPI AL DECLARAR CON LUGAR LA DESESTIMACIÓN DE LA DEMANDA CONTRA LA CODEMANDADA-APELADA BLANCA SÁEZ MEDIANTE LA APLICACIÓN ERRONEA [SIC] DE LA REGLA 10.2 DE PROCEDIMIENTO CIVIL.**
>
> **ERRÓ EL TPI AL CONCLUIR QUE NO EXISTÍAN ALEGACIONES DE MALICIA, CUANDO LA DEMANDA ENUMERA HECHOS ESPECÍFICOS QUE, ACEPTADOS COMO CIERTOS, SATISFICAN [SIC] EL ELEMENTO DE MALICIA.**
>
> **ERRÓ EL TRIBUNAL AL CONCLUIR QUE LA DEMANDA NO ALEGABA MALICIA, CUANDO LA DEMANDA ENMENDADA Y LAS ADMISIONES ESTABLECEN HECHOS CONCRETOS QUE SATISFACEN ESE ELEMENTO: FALSEDADES INTENCIONALES, CONTRADICCIONES, FABRICACIÓN DE EVIDENCIA, TESTIMONIO IMPOSIBLE Y USO MEDIÁTICO DEL PROCESO PENAL.**

---

[9] Véase Entrada #617 del expediente de Primera Instancia en SUMAC.
[10] *Íd.*, pág. 44.
[11] Véase Entrada #622 del expediente de Primera Instancia en SUMAC.

El 14 de enero de 2026, la Sra. Sáez presentó su alegato en oposición. En síntesis, la Apelada planteó que el Lcdo. Hatton no pudo demostrar con hechos reales que exista una causa de acción válida sobre persecución maliciosa a su favor. Entre sus alegaciones señaló que no aplica la doctrina de la ley del caso ya que nada impide que el foro de instancia cambie de parecer cuando los escritos posteriores que han sido presentados le demuestran al tribunal que el apelante no logró demostrar que existe el elemento de malicia requerido para un caso de persecución maliciosa.

-II-

**A. Desestimación**

Nuestro ordenamiento jurídico promueve el interés de que todo litigante tenga su día en corte. Ello responde al principio fundamental y política judicial de que los casos se ventilen en sus méritos y se resuelvan de forma justa, rápida y económica[12]. No obstante, nuestro ordenamiento jurídico permite la presentación de mociones dispositivas con el propósito de que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de un juicio en su fondo. Los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte, sin embargo, ese proceder se debe ejercer juiciosa y apropiadamente[13]. Es decir, la desestimación de un pleito constituye el último recurso al cual se debe acudir[14].

---

[12] Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1; *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 874 (2005); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992); *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1052 (1993).
[13] *Maldonado v. Srio. De Rec. Naturales*, 113 DPR 494, 498 (1982).
[14] *S.L.G. Sierra v. Rodríguez*, 163 DPR 738 (2005).

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil[15] es aquella que formula la parte demandada antes de presentar su alegación responsiva, mediante la cual solicita que se desestime la demanda presentada en su contra[16]. Dicho petitorio deberá basarse en uno de los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable[17].

Al resolver una moción de desestimación bajo el inciso 5 de la Regla 10.2 de Procedimiento Civil, *supra*, el tribunal tomará como ciertos todos los hechos bien alegados en la demanda, que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas[18]. Asimismo, tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante[19]. En vista de ello, la desestimación procedería únicamente cuando de los hechos alegados no podía concederse remedio alguno a favor de la parte demandante[20].

---

[15] 32 LPRA Ap. V, R. 10.2.
[16] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería*, 167 DPR 625, 649 (2006).
[17] 32 LPRA Ap. V, R. 10.2; *Díaz Vázquez et al. v. Colón Peña et al.*, 2024 TSPR 113, resuelto el 25 de octubre de 2024; *Inmob. Baleares et al. v. Benabe et al.*, 2024 TSPR 112, resuelto el 21 de octubre de 2024; *Rivera, Lozada v. Universal*, 2024 TSPR 99, resuelto el 11 de septiembre de 2024; *Costas Elena y otros v. Magic Sport* y otros, 213 DPR 523 (2024);
[18] *BPPR v. Cable Media*, 2025 TSPR 1, resuelto el 7 de enero de 2025; *Díaz Vázquez et al. v. Colón Peña et al.*, supra; *Inmob. Baleares et al. v. Benabe et al.*, supra; *Cruz Pérez v. Roldán Rodríguez et al.*, 206 DPR 261, 267 (2021).
[19] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, págs. 428-429; *Dorante v. Wrangler of P.R.*, 145 DPR 408, 414 (1998).
[20] *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013).

Tampoco procede la desestimación si la demanda es susceptible de ser enmendada[21]. En otras palabras, se debe considerar, "*si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida*"[22]. Ahora bien, si tras este análisis el tribunal aún entiende que no se cumple con el estándar de plausibilidad, entonces debe desestimar la demanda, pues no puede permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba[23].

**B. Discreción revisora**

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso[24]. Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de instancia con nuestras propias apreciaciones[25]. De manera que, si la actuación del tribunal no está desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso[26].

Sin embargo, la norma de deferencia esbozada encuentra su excepción y cede cuando la parte promovente demuestra que hubo un craso abuso de discreción,

---

[21] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, pág. 429.
[22] *Díaz Vázquez et al. v. Colón Peña et al.*, supra; *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994); *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991).
[23] *Costas Elena y otros v. Magic Sport y otros*, supra.
[24] *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770 (2013).
[25] *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Dávila Nieves v. Meléndez Marín*, supra, pág. 771; *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007).
[26] *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

prejuicio, error manifiesto o parcialidad[27]. Además, se requiere que nuestra intervención en esta etapa evite un perjuicio sustancial[28].

Por *discreción* se entiende el "*tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción*"[29]. No obstante, "*el adecuado ejercicio de la discreción está inexorable e indefectiblemente atado al concepto de la razonabilidad*"[30]. A esos efectos, el Tribunal Supremo de Puerto Rico ha indicado cuáles son situaciones que constituyen un abuso de discreción, a saber:

> [C]uando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos[31].

Así, pues la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho[32]. En otras palabras, la discreción no opera en un vacío y tampoco puede ser en "función al antojo o voluntad de uno, sin tasa ni limitación alguna"[33].

### C. Persecución maliciosa

---

[27] *BPPR v. SLG Gómez-López*, supra; *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689 (2012).
[28] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[29] *García v. Asociación*, 165 DPR 311, 321 (2005), citando a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).
[30] *Íd.*
[31] *Ramírez v. Policía de P.R.*, 158 DPR 320, 340-341 (2002); *BPPR v. SLG Gómez-López*, supra.
[32] *Rivera et al. v. Arcos Dorados et al.*, supra.
[33] *BPPR v. SLG Gómez-López*, supra, pág. 335.

La doctrina de persecución maliciosa se configura cuando el demandado presenta una reclamación torticera e intencional y sin causa probable en un proceso civil o criminal contra una persona, que le produce daños a esta[34]. Al ser la malicia un elemento esencial de esta causa de acción, se le califica como una acción en daños y perjuicios causada por conducta torticera intencional bajo el artículo 1536 del Código Civil[35].

El interés protegido por esta acción es controlar la presentación de litigios frívolos e injustificados[36]. A su vez, es la acción torticera menos favorecida, pues los tribunales sienten renuencia a imponer responsabilidad a quienes acuden a ellos en busca de remedios legales[37]. Sin embargo, resulta ser una buena norma de política pública en la medida en que busca desalentar litigios injustificados y frívolos[38].

Ahora bien, aun cuando en nuestro ordenamiento no se reconoce la procedencia de una acción en daños y perjuicios como consecuencia de un pleito civil, se puede presentar una causa de acción en daños y perjuicios por persecución maliciosa[39]. Esto, cuando los hechos del caso establecen circunstancias extremas en que se acosa al demandante con pleitos – civiles o criminales– injustificados e instituidos maliciosamente[40].

---

[34] *García v. E.L.A.*, 163 DPR 800, 810 (2005); *Toro Rivera et als. v. ELA et al.*, 194 DPR 393, 408 (2015).
[35] Art. 1536 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 10801.
[36] H.M. Brau del Toro, *Los daños y perjuicios extracontractuales en Puerto Rico*, 2da ed., San Juan, Pubs. JTS, 1986, Vol. I, pág. 109.
[37] *Íd.*
[38] *Íd.*
[39] *García v. E.L.A.*, supra, pág. 810; *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1075 (2020); *Giménez Álvarez v. Silén Maldonado*, 131 DPR 91 (1992).
[40] *García v. E.L.A.*, supra; *Conde Cruz v. Resto Rodríguez et al.*, supra; *Giménez Álvarez v. Silén Maldonado*, supra, pág. 96.

Para que prospere una causa de acción por persecución maliciosa se debe cumplir con los siguientes requisitos: (1) que una acción civil fue iniciada, o un proceso criminal instituido, por el demandado a instancias de éste; (2) que la acción, o la causa, terminó de modo favorable para el demandante; (3) que fue seguida maliciosamente y sin que existiera causa probable; y (4) que el demandante sufrió daños y perjuicios como consecuencia de ello[41].

Cabe resaltar que, en esta causa de acción, la malicia no se presume[42]. Por el contrario, se establece con bases fácticas y no con alegaciones vagas o meras conclusiones de derecho[43]. Específicamente, el promovente debe alegar y probar la falta de causa probable del demandado al presentar la denuncia o acusación y la malicia en cuanto a los hechos[44].

-III-

La parte apelante sostiene que el foro de instancia incidió al desestimar la causa de acción por persecución maliciosa en contravención con su Resolución final violando así la doctrina de la ley del caso. Además, señala que erró el foro apelado al concluir que la Demanda enmendada no alega malicia, a pesar de haber hechos concretos que satisfacen dicho elemento.

En el caso ante nos, el Apelante presentó dos pleitos civiles contra la Sra. Sáez y, posteriormente, esta presentó una causa de acción por violencia doméstica contra el Apelante. El Lcdo. Hatton alega que la

---

[41] *Toro Rivera et als. v. ELA et al.*, supra, págs. 408-409; *Fonseca v. Oyola*, 77 DPR 525, 528 (1954).
[42] *Toro Rivera et als. v. ELA et al.*, supra, pág. 409.
[43] *Íd.*
[44] *Íd.*

presentación de dicho pleito por parte de la Sra. Sáez fue como represalia por los pleitos instados por este.

Luego de un minucioso examen del expediente de epígrafe, concluimos que el foro de instancia no incidió al desestimar la causa de acción en contra de la Apelada. Veamos. Tal y como indicamos, para que un demandante pueda probar una causa de acción por persecución maliciosa es necesario que se inste una acción civil o un proceso criminal por el demandado o a instancias de este, que la acción haya terminado de manera favorable para el demandante, que continuó de manera maliciosa y que el demandante sufrió daños como consecuencia de ello.

Pasemos a analizar la causa de acción de violencia doméstica instada por la Sra. Sáez. En esa ocasión, el foro de instancia encontró causa probable para arresto (Regla 6). Ahora bien, en la vista preliminar en alzada la Juez Trigo Ferraiuoli encontró que no existía causa probable por infracción al Artículo 3.1 de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada. Como tercer requisito, le corresponde al Apelante demostrar que la Sra. Sáez continuó de manera maliciosa. Ahora bien, más allá de la querella por violencia doméstica presentada por la Apelada, el Lcdo. Hatton no ha podido demostrar, con hechos reales, la intención maliciosa que requiere dicha causa de acción. Por el contrario, se ha limitado a presentar meras alegaciones de la presunta conducta maliciosa de la Apelada. El Lcdo. Hatton sólo pudo demostrar que prevaleció en la vista preliminar. Sin embargo, según indicamos, para demostrar persecución maliciosa no es suficiente con que el demandante haya salido airoso en el pleito en su contra. Existen otros

requisitos que se deben probar, lo cual no ha ocurrido en el caso de epígrafe.

A través de la jurisprudencia, nuestro más alto foro ha demostrado no favorecer la acción por persecución maliciosa "*ya que ésta tiende a desalentar el que la ciudadanía coopere con el Estado en la persecución de los delitos*"[45]. Tal y como indicamos, de las alegaciones del Apelante no surge motivo alguno para creer que hubo malicia o intención de hacer daño por parte de la Sra. Sáez al presentar una querella al amparo de la Ley 54. Tan es así que el juez a cargo entendió que concurrían los elementos necesarios para elevar el pleito de Regla 6 a vista preliminar.

En mérito de lo anterior, y según determinó el foro apelado, procedía desestimar la causa de acción por persecución maliciosa instada contra la Sra. Sáez. En consecuencia, confirmamos la determinación apelada.

-IV-

Por los fundamentos que anteceden, **confirmamos** la Sentencia Parcial apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[45] *Parrilla v. Ranger American of P.R.*, 133 DPR 263 (1993).